CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HURLEY.

[Cite as *Cleveland Metro. Bar Assn. v. Hurley*, ___ Ohio St.3d ___,

**2021-Ohio-1346.]**

(No. 2017-0798—Submitted April 14, 2021—Decided April 19, 2021.)

ON APPLICATION FOR REINSTATEMENT.

_____

**{¶ 1}** This cause came on for further consideration upon the filing on August 20, 2020, of a petition for reinstatement by respondent, Rosel Charles Hurley III, Attorney Registration No. 0083288. In accordance with Gov.Bar R. V(25)(E), respondent's petition for reinstatement was referred to the Board of Professional Conduct. The board filed its final report in this court on February 12, 2021, recommending that respondent be reinstated to the practice of law in Ohio and that he be ordered to serve a two-year period of monitored probation, with monitoring to focus on continued compliance with his Ohio Lawyers Assistance Program ("OLAP") contract and proper law-office management procedures. No objections to said final report were filed, and this cause was considered by the court.

**{¶ 2}** Upon consideration thereof, it is ordered by this court that the petition for reinstatement of respondent is granted and that respondent, Rosel Charles Hurley III, last known address in Cleveland, Ohio, is reinstated to the practice of law in Ohio. It is further ordered that in accordance with Gov.Bar R. V(21), respondent shall serve a two-year period of monitored probation focusing on continued compliance with his OLAP contract and proper law-office management procedures.

**{¶ 3}** It is further ordered that on or before 30 days from the date of this order relator shall file with the clerk of this court the name of the attorney who will serve as respondent's monitor, in accordance with Gov.Bar R. V(21)(A)(3). It is

further ordered that at the end of respondent's probationary period, relator shall file with the clerk of this court a report indicating whether respondent, during the probationary period, complied with the terms of the probation.

{¶ 4} It is further ordered that at the end of the probationary period respondent may apply for termination of probation as provided in Gov.Bar R. V(21). It is further ordered that respondent's probation shall not be terminated until (1) respondent files an application for termination of probation in compliance with Gov.Bar R. V(21)(D), (2) respondent complies with this and all other orders issued by this court, (3) respondent complies with the Rules for the Government of the Bar of Ohio, (4) relator files with the clerk of this court a report indicating that respondent has complied with the terms of the probation, and (5) this court orders that the probation be terminated.

{¶ 5} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

{¶ 6} For earlier case, see *Cleveland Metro. Bar Assn. v. Hurley*, 152 Ohio St.3d 536, 2018-Ohio-231, 98 N.E.3d 259.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____